17003

BROADUS J. SAMPLE, Respondent, v. RESERVE LIFE INSURANCE COMPANY, Appellant

(87 S. E. (2d) 476)

*Messrs. Joseph L. Nettles* and *Thomas, Cain & Nettles,* of Columbia, *for Appellant,* and *Joe Bailey Humphreys, Esq.,* of Dallas, Texas, *of Counsel,*

*Messrs. Williams & Busbee,* of Aiken, *for Respondent,*

May 16, 1955.

TAYLOR, Justice.

This appeal arises from an action tried in the Court of Common Pleas of Aiken County before the Honorable G. Badger Baker, Presiding Judge, wherein respondent seeks recovery under a policy of accident and health insurance, issued by the appellant insurance company to respondent. alleging total disability from May 5, 1951, together with certain medical benefits. In due time appellant moved to require respondent to elect whether he sought recovery by virtue of accidental disability or disability from sickness and respondent elected to proceed upon the theory of accidental injury.

Verdict was rendered in the sum of $2,359.92, and the appellant insurance company appeals upon six exceptions; Exceptions 1, 2, 3, and 5 are bottomed on the contention that the Presiding Judge erred in refusing appellant's motion for a directed verdict in certain particulars. Exception 4 relates to a claimed error in the charge of the Court to the Jury.

Exception 1 is to the substantial effect that the evidence does not support a finding that the plaintiff-respondent's disability was caused by accidental injury within the terms of the policy. It is our view that this particular matter was one for the Jury, and this exception is accordingly overruled. We make the same ruling with regard to Exceptions 2 and 5.

As to Exception 3, contending that the Presiding Judge erred in refusing appellant's motion for a directed verdict on the ground that it was not shown that respondent was continually under the professional care and regular attendance, at least once in seven days, of a legally licensed physician or surgeon. So far as the record discloses no such contention was made in the lower Court and was not included in the grounds upon which the motion was made. Therefore, this exception is overruled.

Exception 4, relates to that portion of the charge of the Court to the Jury reading as follows:

"There will be found in this contract of insurance a clause which reads as follows: 'This policy does not cover: (b) any disability while the Insured is not continuously under the professional care and regular attendance, at least once in each seven days, of a legally licensed physician or surgeon, other than himself.' I instruct you that particular clause I read to you is ineffective as a matter of law."

It is our view that Exception 4 should be sustained. The language used in this portion of the policy is plain and unambiguous, and to us it is a valid portion of the contract of insurance and is as effective as any other portion of the contract. We can see no reason why it is ineffective.

Exception 6 which imputes error on the part of the trial judge in refusing to charge "Where an act is voluntarily done in the usual way, any resulting injury is not 'accidental' within the terms of the policy here sued upon, even though it was unforeseen, or unexpected." This exception must be dismissed under the authority of *Goethe v. N. Y. Life Insurance Co.*, 183 S. C. 199, 190 S. E. 451, 457, wherein this Court stated "where death or injury is not the natural and probable result of a voluntary and intentional act by the insured, or something unforeseen or unexpected or unusual occurs in the act which precedes the injury, then the injury is the result of accidental means."

For the foregoing reasons we are of the opinion that exception 4 must be sustained and the case must be remanded for a new trial. Reversed.

STUKES, OXNER and LEGGE, JJ., concur.

G. BADGER BAKER, Acting Associate Justice, disqualified.